1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                )
WEATHERHAVEN RESOURCES, INC.,          )          No. C13-0886RSL
and WEATHERHAVEN INTERNATIONAL       )
LIMITED,                                                         )
                                                                )
                            Plaintiffs,                       )
                                                                )          ORDER DENYING MOTION TO
             v.                                                )          DISMISS AND STAYING CASE
                                                                )
VANTEM MODULAR, LLC, VANTEM         )
COMPOSITE TECHNOLOGIES, LLC, and      )
MODULAR SPACE CORPORATION,              )
                                                                )
                            Defendants.                    )
_____)

        This matter comes before the Court on "Defendants' Motion to Dismiss Pursuant

to Fed. R. Civ. P. 12(b)(1) for Lack of Standing."  Dkt. # 14.  Plaintiffs allege that defendants

infringed U.S. Patent No. 8,166,715 ("the '715 patent).  Defendants seek dismissal of the case,

arguing that plaintiffs lack standing to sue for infringement because they do not own the patent.

If plaintiffs' claims of patent infringement are not dismissed outright, defendants request that

this action be stayed pending a determination regarding ownership by the Supreme Court of

British Columbia, Canada.[1]  Having reviewed the memoranda, declarations, and exhibits

submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

        The parties generally agree that there are disputed issues of fact regarding

_____

        [1]  The Supreme Court of British Columbia is the province's superior trial court.

ORDER DENYING MOTION TO DISMISS
AND STAYING CASE

ownership of the '715 patent and that these issues must be resolved before this Court's subject matter jurisdiction can be established. Dkt. # 23 at 14 n.5; Dkt. # 30 at 8.[2]  Defendants' motion to dismiss is therefore DENIED as premature.  Whether this Court should determine the competing claims of ownership by interpreting and applying the 1996 Non-Disclosure and Secrecy Agreement ("NDA") is the real question raised by defendants' motion.  Defendants point out that the parties expressly agreed that the courts of British Columbia would interpret and construe the NDA and ask the Court to enforce the forum selection provision of the agreement.[3]  Plaintiffs argue that this Court should resolve the ownership issue because (a) it will necessarily involve construction of a U.S. patent over which the federal courts have exclusive subject matter jurisdiction and (b) a stay of this case while the Canadian court decides the ownership issue would prejudice Weatherhaven.

The Court finds that defendants have the better argument.  The NDA provides that "[t]his Agreement shall be interpreted and construed in accordance with the laws of British Columbia, Canada[,] and shall be filed and heard in the appropriate court located in The

---

[2]  Standing to bring an action for patent infringement is conferred on the owner or exclusive licensee of the patent.  Fieldturf, Inc. v. Sw. Recreational Indus., Inc., 357 F.3d 1266, 1268 (Fed. Cir. 2004).  Plaintiff Weatherhaven International Limited alleges that it is the owner of U.S. Patent No. 8,166,715 ("the '715 patent"), an allegation that is supported by an assignment dated June 8, 2012. Defendants, however, have submitted a Non-Disclosure and Secrecy Agreement ("NDA") and U.S. Patent No. 5,596,844 in support of their argument that J. Ramon Kalinowski, the President and Chief Technology Officer of defendant Vantem Modular, LLC, is the owner of the '715 patent.  If, as defendants argue, the invention disclosed in the '715 patent (a) is an adaption or modification of technology owned by Kalinowski and (b) was made by Weatherhaven Resources, Ltd., or its officers, directors, stockholders, employees, agents, representatives, attorneys, joint ventures, partnership, affiliates, assignees, successors, divisions, or any entity controlled by or that controls Weatherhaven Resources, Ltd., the NDA would operate to give defendants ownership of the patent.  The Court is not prepared to make the necessary findings on the papers submitted.

[3]  Because the British Columbian suit was filed months after plaintiffs filed this patent infringement case, the fact that the later-filed Canadian case is already pending carries very little weight in the Court's analysis.

ORDER DENYING MOTION TO DISMISS
AND STAYING CASE                    -2-

Province of British Columbia, Canada." Dkt. # 15-3 at 2.  Plaintiffs do not dispute the existence or meaning of the forum selection provision.  Rather, they argue that the ownership and infringement issues arise under patent law and must be determined by a United States District Court notwithstanding the parties' agreement to a foreign forum.

Pursuant to 28 U.S.C. § 1338(a), district courts "have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . .  No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents . . . ." "State" is defined to include the states, commonwealths, and territories of the United States. Plaintiffs' claims of patent infringement clearly arise under patent law, there is no contractual agreement to litigate these claims in another forum, and the Court will not shirk from its duty to exercise jurisdiction over the infringement issues.  The question before the Court, however, is whether the parties' express agreement to have the courts of British Columbia interpret the NDA is enforceable despite the fact that the NDA touches on plaintiffs' right to pursue its patent claims.  Under governing Supreme Court precedent, claims that have their origins in state law, as defendants' contract claim does, give rise to federal jurisdiction under § 1338(a) only if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

The separate issue of ownership of the patent will turn on the interpretation and application of the NDA and does not implicate patent law.  First, no federal patent question must necessarily be resolved in order to determine who owns the '715 patent.  That issue will be decided based on the language of the NDA and the contract interpretation rules of British Columbia.  The factfinder will have to decide whether the invention disclosed in the '715 patent is a modification or adaptation of the technology Kalinowski shared with Weatherhaven back in

ORDER DENYING MOTION TO DISMISS
AND STAYING CASE                        -3-

1996 and whether the named inventor was bound by the NDA.  Contrary to plaintiffs' argument, claim construction is not necessary to resolve the contract issues.  The NDA speaks of adaptions and modifications of Kalinowski's technology, suggesting a less technical and more nuanced determination of whether Weatherhaven improperly benefitted from the parties' contact in 1996, rather than a claim construction according to the rules of the Federal Circuit.  Second, even if the Court were to assume that any claim related to the ownership of a patent raises a federal issue, it is not "substantial" in that the question – as presented in this case – is not "significant to the federal system as a whole."  Gunn v. Minton, __ U.S. __, 133 S. Ct. 1059, 1068 (2013). Whether defendants improperly utilized Kalinowski's technology to obtain the '715 patent is a fact dependent inquiry, governed by the laws of British Columbia, that does not involve a construction of the claims of the '715 patent and will have no impact on other parties or the larger development of patent law.  See Gunn, 133 S. Ct. at 1066-68 (identifying factors to consider when determining the substantiality of the federal issue); MDS (Canada), Inc. v. Rad Source Tech., Inc., 720 F.3d 833, 842 (11th Cir. 2013).  Finally, the parties clearly and unambiguously agreed to litigate such ownership issues in British Columbia, and plaintiffs have not identified any theory or case law that would invalidate that promise.  Where the chosen forum is not a "State" court as defined by § 1338(a), but rather a foreign jurisdiction, courts have enforced the parties' contractual choice.  Seven Arts Filmed Entm't Ltd. v. Content Media Corp., 733 F.3d 1251, 1252 (9th Cir. 2013) (recounting procedural history that involved enforcement of a Canadian forum selection clause in a copyright case); Warner & Swasey Co., v. Salvagnini Transferica S.p.A., 633 F. Supp. 1209, 1212-13 (W.D.N.Y. 1986) (enforcing Italian forum selection clause in patent case).  See Highland Supply Co. v. Klerk's Flexible Packaging, B.V., 2005 WL 3534211, at *4 (S.D. Ill. Dec. 21, 2005) (finding that contractual selection of state forum is "of no consequence" once federal patent jurisdiction under § 1338(a) is established).

ORDER DENYING MOTION TO DISMISS
AND STAYING CASE                          -4-

1    In their opposition memoranda, plaintiffs baldly assert that they will be prejudiced

2  if the ownership issue were resolved by the courts of British Columbia.  There is no reason to

3  assume that there will be any appreciable delay in bringing the matter in the forum to which

4  plaintiffs agreed, however.  The action is already pending in the Supreme Court of British

5  Columbia and can be pursued at the instance of the parties.  Because this Court's jurisdiction

6  must be established before the patent issues can be addressed, the litigation will be conducted in

7  two stages, the first involving ownership and the second focused on infringement, regardless of

8  whether the issues are tried in two separate forums.  At oral argument, plaintiffs for the first time

9  asserted that defendants were taking steps to produce an infringing product in Texas, that the

10  product might be sold under contract to the United States Government in the near future, and

11  that defendants might use the Canadian litigation to delay consideration of the infringement

12  claims and preclude the type of injunctive relief that would be available in this court.  Whether

13  these concerns are well-founded cannot be determined on the record presented.  Plaintiffs have

14  failed to show any undue or unfair burden will arise through enforcement of the NDA's forum

15  selection clause.

16

17    For all of the foregoing reasons, defendants' motion to dismiss for lack of standing

18  is DENIED as premature.  Defendants' alternative request for a stay is GRANTED, and the

19  above-captioned matter is hereby STAYED pending final resolution of the British Columbian

20  action.  The parties are urged to cooperate in bringing the Canadian litigation to a timely and

21  final resolution.  The Clerk of Court is directed to enter a statistical termination in this case.

22  Such termination is entered solely for the purpose of removing this case from the Court's active

23  calendar.  The parties shall, within thirty days of the conclusion of the British Columbian

24  litigation or six months of the date of this Order if a conclusion has not yet been reached, submit

25  a joint status report under the above cause number.

26

ORDER DENYING MOTION TO DISMISS
AND STAYING CASE                    -5-

1      Dated this 26th day of February, 2014.

2

3                       Robert S. Lasnik

                         United States District Judge

ORDER DENYING MOTION TO DISMISS
AND STAYING CASE              -6-